SO ORDERED.

SIGNED this 24th day of June, 2016.



_____
Dale L. Somers
United States Bankruptcy Judge
_____

Designated for print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> BROOKE CORPORATION, et al., <br><br> DEBTORS. | CASE NO. 08-22786 <br> CHAPTER 7 |
| CHRISTOPHER J. REDMOND, Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation (f/k/a Brooke Franchise Corporation), and Brooke Investments, Inc., <br><br> PLAINTIFF, <br><br> v. <br><br> NCMIC FINANCE CORPORATION, <br><br> DEFENDANT. | ADV. NO. 12-6043 |

MEMORANDUM OPINION AND ORDER
DENYING NCMIC'S SUBMISSION OF CERTAIN DEPOSITION TESTIMONY
TAKEN IN ANOTHER ADVERSARY PROCEEDING
AS EVIDENCE IN THIS PROCEEDING

Defendant NCMIC Finance Corporation (NCMIC) has designated for use as

evidence in this proceeding the deposition testimony of two witnesses taken in *Redmond v. Kutak Rock* (the Kutak Action).[1] The Plaintiff-Trustee objects. The Court has carefully considered the briefs filed by the parties and for the following reasons, concludes that the designated testimony will not be admitted into evidence. The Court announced its conclusion on the record before testimony resumed on June 20, 2016, and included in its announcement that a more complete written decision would be subsequently filed.[2]

**BACKGROUND FACTS.**

In this adversary proceeding the Trustee seeks to avoid under §548 and the Kansas Uniform Fraudulent Transfer Act (KUFTA)[3] allegedly constructively-fraudulent conveyances made by Debtor Brooke Franchise to Defendant NCMIC during the four years before Debtors filed bankruptcy. The Trustee alleges that Brooke Franchise was continuously insolvent during this period, and he provided expert opinion evidence in support of his position. A major element of the expert's opinion is that Brooke's financial audits for the years in issue conducted by the accounting firm of Summers, Spencer & Callison (SSC) were not in accord with generally accepted accounting principles (GAAP). NCMIC is vigorously litigating its contention that the Trustee has failed to

---

[1] *Redmond v. Kutak Rock, LLP*, Case no. 10-6246 (Bankr. D. Kan.). The reference of the adversary case to the bankruptcy court was withdrawn in part and that part became D. Kan. Case no. 11-cv-2456.

[2] The court also announced that in the event of any inconsistency between the oral and written rulings, the writing would control.

[3] K.S.A. 33-201 to -212.

sustain his burden of proof on insolvency. But NCMIC has not offered an expert opinion asserting that the SSC audits were proper. Rather, it has presented an expert valuation of Brooke Franchise which assumes the accuracy of the audit reports. NCMIC also has elicited testimony that during the years in issue, various economic professionals relied on the audit reports. The professionals did not, however, independently verify the audit reports' compliance with GAAP.

In the Kutak Action, the Trustee pursued claims for improper dividend payments, breach of fiduciary duty, malpractice, aiding and abetting, deepening insolvency (as a measure of damages), and negligence. The initial defendants included Brooke's former officers and directors, its legal counsel, and some of its underwriters, including Sandler O'Neill & Partners, L.P., by whom Mr. Hendrix, one of the deponents, was employed. The complaint in the Kutak Action also asserted preference claims against legal counsel under § 547, seeking to recover fees paid to them during the 90 days before Debtors filed bankruptcy, and therefore included allegations of insolvency. The depositions in issue were taken with respect to the claims against Sandler O'Neill. NCMIC was not a party to the Kutak Action, and NCMIC's current counsel did not represent any of the Kutak defendants.

The testimony in issue is: (1) portions of the deposition of Ernest F. Baugh, Jr., taken on April 15, 2014; and (2) portions of the deposition of John Hendrix taken on February 4, 2014. Mr. Baugh is the National Director of Professional Standards for Mayer Hoffman McCann (MHM), an accounting firm that performed limited professional

services as "a second set of eyes" for Debtors before they filed bankruptcy. His deposition in the Kutak Action was taken by counsel for Sandler O'Neill. Counsel for the Trustee was present and cross-examined the witness. Mr. Baugh's deposition was also taken in this case, and the Court has heard a portion of the testimony which establishes that the work he did for Brooke was not an audit and that he did not review Brooke's financial statements to see if they complied with GAAP.

John Hendrix is a Managing Director with Sandler O'Neill, one of the three underwriters who were defendants in the Kutak Action. According to NCMIC, Mr. Hendrix and Mr. Baugh had interactions. The deposition was taken by counsel for the Trustee. There was no attempt to take Mr. Hendrix's deposition in this case.

**LEGAL STANDARD FOR THE ADMISSION OF DEPOSITION TESTIMONY FROM A DIFFERENT ACTION.**

"Deposition testimony is normally inadmissible hearsay, but Fed. R. Civ. P. 32(a) creates an exception to the hearsay rules [and] [d]epositions may also be independently admissible under"[4] Federal Rule of Evidence 804(b). Rule 32(a), "Using Depositions," generally provides that a deposition may be used against a party at trial if: (1) the party was present at the taking of the deposition; (2) it is used to the extent that it would be admissible under the rules of evidence if the deponent were present and testifying; and (3) its use is allowed under one or more of the provisions of Rule 32(a)(2) through (a)(8). Rule 32(a)(8) provides that "[a] deposition lawfully taken . . . in any federal-[court] action

---

[4] *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 963 (10th Cir. 1993).

4

may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action." The same-parties requirement is not strictly applied; "many cases have held that a deposition can be offered against one who was a party to the former suit [here, the Trustee] even though the party now using the deposition [NCMIC] was not."[5] In the Tenth Circuit, "testimony adduced in a prior suit may be admissible in a subsequent suit even if the parties are not identical, so long as the issues are so similar that the party-opponent in the prior case had the same interest and motive in his cross-examination that the present opponent has."[6]

When a declarant is considered to be unavailable as a witness, Federal Rule of Evidence Rule 804 allows, as an exception to the rule against hearsay, the use of testimony the declarant gave as a witness in a deposition during the current or a different proceeding if it "is now offered against a party [here, the Trustee] who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination."[7] A witness is unavailable when the witness is absent from the trial "and the statement's proponent has not been able, by process or other reasonable means, to procure . . . the

---

[5] 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice & Procedure: Civil 3d,* § 2150 at 665 (2010).

[6] *Minyen v. Am. Home Assur. Co.*, 443 F.2d 788, 791 (10th Cir. 1971).

[7] Fed. R. Evid. 804(b)(1).

5

declarant's attendance."[8]  Civil Rule 32's requirement that the earlier action must have been one "involving the same subject matter" and Evidence Rule 804's requirement that the deposition be offered against a party who had "a similar motive to develop it" reflect the same concern.  "Generally speaking, a similar motive would have existed at the prior hearing when the issue at the prior hearing and at the current hearing are substantially similar."[9]  "All the issues at the earlier hearing need not be the same; only the particular issue as to which the testimony was first offered must be substantially similar to the issue upon which offered in the current action."[10]

**ANALYSIS.**

The party seeking to introduce the deposition testimony from the Kutak Action, NCMIC, has the burden to prove that it is admissible under the foregoing rules.[11]  Since Mr. Baugh and Mr. Hendrix are not available, resolution of NCMIC's request turns upon the question of the similarity of the issues for which their depositions were taken in the Kutak Action to one or more of the issues in this action, and the Trustee's motivation when their depositions were taken.  As to the similarity of issues, NCMIC's initial brief cites allegations in the First Amended Complaint in the Kutak Action that (1) Brooke's

---

[8] Fed. R. Evid. 804(a)(5)(A).  For purposes of the exception for former testimony, the declarant need not be unavailable to testify by deposition in the current proceeding.

[9] 30C Michael H. Graham, *Federal Practice & Procedure: Evidence,* § 7073 at 396-402 (2011 interim ed.).

[10] *Id*. at 402.

[11] *Angelo v. Armstrong World Indus.*, 11 F.3d at 963.

6

audited financial statements were in violation of GAAP and relevant SEC guidelines, which resulted in material misrepresentations of Brooke's financial condition; and (2) Brooke Franchise should have amortized its initial franchise fee revenues and because it did not, Debtors' financial statements erroneously failed to show they were continuously insolvent from at least 2003 through their respective bankruptcy filings. In its reply brief, to augment its argument about the similarity of the issues in this case and those involved in the claims against Sandler O'Neill in the Kutak Action, NCMIC quotes the allegations of two counts against the underwriters from the First Amended Complaint in the Kutak Action. The first was a count for deepening insolvency and included the allegation that the due diligence conducted by the underwriters should have revealed the presence of various "red flags" regarding Brooke, including shortcomings in its financial accounting.[12] But that count was dismissed by this Court on February 2, 2012, for failure to state a claim.[13] This dismissal occurred before the depositions in issue were taken, so the allegations regarding deepening insolvency cannot support NCMIC's position.[14] The second was a count for negligence that alleged Sandler O'Neill performed "due diligence negligently in failing to discover Brooke's improper financial accounting practices and

---

[12] *Redmond v. Kutak Rock*, Case no. 10-6246, doc. 67 (Bankr. D. Kan. Feb. 17, 2011).

[13] *Id.*, doc. 223 (Feb. 2, 2012).

[14] After the deepening insolvency claim against the underwriters was dismissed, the Trustee filed a Second Amended Complaint in the Kutak Action, Case no. 10-6246, doc. 231, but did not assert in it any deepening insolvency claim against Sandler O'Neill or the other underwriters.

7

insolvency."[15] The depositions were focused on this count.

NCMIC states that Mr. Baugh's relevant deposition testimony is about his "work performed on behalf of Brooke Corporation, in 2005, and specifically, the importance of filing annual reports with the SEC that are compliant with GAAP."[16] NCMIC says Mr. Hendrix's relevant deposition testimony is "about the 2005 Brooke Corporation offering, the underwriter[']s role in that offering, the underwriter[']s due diligence associated with the offering (including specifically, due diligence regarding Brooke's revenue recognition practices), and the underwriter[']s work with accounting firms MHM [including Mr. Baugh] and SSC."[17] In other words, NCMIC proposes to utilize the deposition testimony in support of its contentions that the revenue recognition practices reflected in the SSC audits were in accord with GAAP and that Debtors were not insolvent as alleged by the Trustee.

NCMIC's arguments fail to satisfy its burden to show that the issues in this case and in the Kutak Action are substantially similar so that when the Trustee was developing testimony in the Kutak Action, he had a motive similar to that in this case to develop testimony regarding the insolvency of Debtors. It is true that the First Amended Complaint in the Kutak Action, like the Complaint in this case, alleged insolvency. But this is also true in hundreds of adversary complaints filed by the Trustee. The Court

---

[15] *Redmond v. Kutak Rock*, Case no. 10-6246, doc. 67 (Bankr. D. Kan. Feb. 17, 2011).

[16] Doc. 228 at 3, ¶ 9.

[17] *Id.*

8

believes that this is the only proceeding in which a defendant has chosen to litigate Debtors' insolvency.[18] As NCMIC points out in its reply brief, the Kutak defendants did designate an expert to challenge the Trustee's insolvency expert,[19] but Kutak's expert designation was made on May 21, 2015, after this Court approved the Trustee's settlement with Sandler O'Neill on February 2, 2013.[20] There was no § 548 or KUFTA allegation in the Kutak Action, and the preference claims in the Kutak Action concerned only payments made during the 90 days immediately preceding the filing of the bankruptcy cases, when there is a presumption of insolvency. NCMIC has not shown that insolvency and the compliance of the SSC audits with GAAP were issues in the Kutak Action when the depositions were taken.

The focus of the depositions of Mr. Hendrix and Mr. Baugh was not whether Debtors were in fact solvent or the SSC audits complied with GAAP. The deposition of Mr. Hendrix which NCMIC seeks to use in this unrelated case was taken by counsel for the Trustee to establish the liability of Sandler O'Neill for negligently performing due diligence. The deposition of Mr. Baugh was taken by counsel for Sandler O'Neill, apparently in defense of the Trustee's allegations of negligence against the underwriters.

---

[18] The Trustee's claim of malpractice against SSC was settled before extensive trial preparation. In that case, NCMIC (1) aligned itself with the Trustee's allegation that the SSC audits did not comply with GAAP, (2) retained the expert who has testified on behalf of the Trustee in this case about the deficiencies of the SSC audits and Debtors' insolvency, and (3) received a significant settlement.

[19] *See Redmond v. Kutak Rock*, Case no. 11-cv-2456, doc. 236 (motion to exclude certain testimony of Kutak's expert witness) & doc. 237 (memorandum in support of doc. 236), both filed Aug. 11, 2015. The claims against Kutak were also settled prior to trial.

[20] *Redmond v. Kutak Rock*, Case no. 10-6246, doc. 233 (Bankr. D. Kan. Feb. 2, 2013).

The Trustee's motivation is cross-examining Mr. Baugh was therefore to refute any alleged defenses to which Mr. Baugh testified. The Trustee's motivation when examining either Mr. Hendrix or Mr. Baugh was not the same as his motivation in this case, where he is alleging the SSC financial audits were flawed and that Debtors were insolvent when the allegedly fraudulent transfers were made.

**CONCLUSION.**

For the foregoing reasons, the Court rules that NCMIC may not introduce into evidence the deposition testimony of Mr. Baugh and Mr. Hendrix that was taken in the Kutak Action.

**IT IS SO ORDERED.**

# # #

10

Case 12-06043    Doc# 266    Filed 06/24/16    Page 10 of 10